**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION FUND 19 Campus Boulevard, Suite 200 Newtown Square, PA 19073-3228, | : : : : : | |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN 19 Campus Boulevard, Suite 200 Newtown Square, PA 19073-3228, | : : : : : | |
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY EDUCATIONAL PLAN 19 Campus Boulevard, Suite 200 Newtown Square, PA 19073-3228, | : : : : : | |
| TRUSTEES OF THE ELEVATOR INDUSTRY WORK PRESERVATION FUND 19 Campus Boulevard, Suite 200 Newtown Square, PA 19073-3228, | : : : : : : | **COMPLAINT** |
| and | : | |
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS ANNUITY AND 401(K) RETIREMENT FUND 19 Campus Boulevard, Suite 200 Newtown Square, PA 19073-3228, | : : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| SHAW ELEVATOR COMPANY, LLC 5326 156th Street SE Bothell, WA 98012 | : : : : | |
| and | : : | |
| SONYA SHAW 5326 156th Street SE Bothell, WA 98012, | : : : : : | |
| Defendants. | : | |

<u>**COMPLAINT**</u>

**(TO COMPEL A PAYROLL AUDIT AND FOR BREACH OF FIDUCIARY DUTY)**

<u>**Parties**</u>

1.     The National Elevator Industry Pension Fund ("Pension Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Pension Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

2.     The National Elevator Industry Health Benefit Plan ("Health Benefit Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Health Benefit Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Health Benefit Plan is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.  The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3.     The National Elevator Industry Educational Plan ("Educational Plan") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37).  The Educational Plan was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust.  The Educational Plan is administered at 19 Campus

2

Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4.      The Elevator Industry Work Preservation Fund ("Work Preservation Fund") is a labor-management cooperation committee as provided for in Section 302(c)(9) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(9), and Section 6 of the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 175a. The Work Preservation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Work Preservation Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

5.      The Elevator Constructors Annuity and 401(k) Retirement Fund ("Annuity 401(k) Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity 401(k) Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity 401(k) Fund is administered at 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      Shaw Elevator Company LLC ("Shaw Elevator"), is a Washington business existing under Washington laws with offices located at 5326 156th Street SE, Bothell, WA 98012.

7.      Shaw Elevator transacts business in Washington as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14); and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

8.      At all relevant times, Shaw Elevator was and is signatory and bound to the Agreements between the International Union of Elevator Constructors, AFL-CIO, and the National Elevator Bargaining Association ("Collective Bargaining Agreements") by virtue of its Short Form Agreement.

9.      Sonya Shaw, is an officer and/or owner of Shaw Elevator, and resides at 5326 156th Street SE, Bothell, WA 98012.

10.     At all relevant times, Sonya Shaw exercised control and discretion over the assets of Shaw Elevator, including, but not limited to, decisions regarding the collection of receivables for Shaw Elevator, the disbursement of payroll to employees, the disbursement of any payroll deductions authorized by Shaw Elevator's employees, and the amounts to be paid to the Plaintiffs. Accordingly, Sonya Shaw is a fiduciary to the Pension Fund, Health Benefit Plan, Educational Plan, and Annuity 401(k) Fund, as defined in ERISA §3(21)(A), 29 U.S.C.A. §1002(21)(A).

11.     During the period of January 1, 2018 to the present, the Defendant Shaw Elevator employed employees performing work covered by the Collective Bargaining Agreement.

## Jurisdiction

12.     This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a).  This is an action to enforce an employer's contractual obligation to cooperate with a payroll audit, to submit monthly contribution reports and payments, and other contributions pursuant to a Collective Bargaining Agreement, to collect the outstanding contributions

and other amounts from the owner individually, for breach of fiduciary duty, and for appropriate equitable relief.

13.    Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Employee Benefit Plan Plaintiffs are located and administered.

14.    This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (TO COMPEL A PAYROLL AUDIT)

15.    An audit of Defendant Shaw Elevator's records from January 1, 2018, to the date the audit can be completed, will permit the Plaintiffs to determine whether the Defendant has and is properly reporting the correct number of employees working under the Collective Bargaining Agreement, the correct number of hours worked by the employees, the correct contribution rates and the correct amounts owed to each of the Plaintiffs.

16.    The Defendant Shaw Elevator has refused requests to cooperate in a payroll audit conducted on behalf of the Plaintiffs by the certified public accounting firm of Daniel A. Winters & Co.

17.    Pursuant to the Defendant Shaw Elevator's Short Form Agreement, the Defendant is a party to and bound by the terms and conditions of the Plaintiffs' Restated Agreements and Declarations of Trust.

18.     Under the terms of the Short Form Agreement and Plaintiffs' Restated Agreements and Declarations of Trust, and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), and *Central States Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985), the Plaintiffs are entitled to obtain and conduct an audit of Shaw Elevator's payroll and related records and an employer is obligated to submit to a payroll compliance review conducted by the Plaintiffs.

19.     Plaintiffs will seek a judgment in this action against the Defendants for all contributions, interest, liquidated damages and attorneys' fees and costs which are discovered to be due as a result of the audit.

## COUNT II

### (FOR BREACH OF FIDUCIARY DUTY)

20.     The Plaintiffs hereby adopt, incorporate and restate in Count II paragraphs 1 through 19 of Count I as if fully set forth in Count II.

21.     The Defendant Sonya Shaw executed the Short Form Agreement on July 9, 2017, agreeing to be bound to the terms of the Collective Bargaining Agreement and the Benefit Funds' Restated Agreements and Declarations of Trust.

22.     The Defendant Sonya Shaw was and is responsible for creating and operating Shaw Elevator and determining the total amount of employer contributions to report and pay to the Benefit Fund Plaintiffs from Shaw Elevator's assets, and the total amount of contributions withheld from employees' wages to pay to the Health Benefit Plan from Shaw Elevator's assets.

23.     Defendant Sonya Shaw commingled assets of Shaw Elevator payable to the Plaintiffs with the general assets of Shaw Elevator and used those assets for purposes other than to pay the Plaintiffs.

24.    Defendant Sonya Shaw exercised authority and control over the Benefit Fund Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

25.    The amounts due, unreported and unpaid by Defendant Shaw Elevator as determined by the payroll audit are assets of the Plaintiffs as established in the Collective Bargaining Agreement and the Benefit Funds' Restated Trust Agreements.

26.    The factual contentions in of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I through II as follows:

1. For a Court Order requiring the Defendant Shaw Elevator to submit all payroll books and records to the Plaintiffs, and to cooperate with the Plaintiffs' designee, the certified public accounting firm of Daniel A. Winters & Co., to complete a payroll compliance review, at the Defendant's expense, for the period of January 1, 2018, through the date the audit can be conducted;

2. That the Court find Defendants Shaw Elevator and Sonya Shaw liable for all amounts owed to the Plaintiffs under the Collective Bargaining Agreement as a result of the audit; and

3. For such further relief as the Court may deem appropriate

Respectfully submitted,

DATE: <u>August 25, 2020</u>

<u>s/ Andrew Kelser</u>
Andrew Kelser, Bar No. 314865
Kathleen Bichner, Bar No. 320946
**O'DONOGHUE & O'DONOGHUE LLP**
325 Chestnut Street
Suite 600
Philadelphia, PA  19106
Telephone (215) 629-4970
<u>akelser@odonoghuelaw.com</u>
<u>kbichner@odonoghuelaw.com</u>